**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT MURPHY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. GJH-19-3317 |
| FRANK B. BISHOP, *Warden,* and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| | * | |
| Respondents | * | |

***

**MEMORANDUM OPINION**

Respondents have filed an Answer seeking dismissal of Robert Murphy's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as untimely filed. (ECF No. 5). Murphy has filed a Reply. (ECF No. 6). Also pending is Murphy's Motion for Appointment of Counsel to Conduct Discovery (ECF No. 7). Having reviewed the submissions, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6; Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *see also Fisher v. Lee,* 215 F.3d 438, 455 (4th Cir. 2000) (habeas petitioner not entitled to a hearing). For the reasons set forth below, the Motion for Appointment of Counsel will be denied and the Petition will be dismissed as time-barred. A certificate of appealability shall not issue.

**BACKGROUND**

Murphy was tried and convicted by a jury sitting in the Circuit Court for Baltimore City on charges of first-degree felony murder, armed robbery, and unlawful use of a handgun. On June 23, 2011, Murphy was sentenced to life imprisonment plus 20 years. *State of Maryland v. Robert Lee Murphy*, Crim. Case No. 109104026 (Bal. City Cir. Ct., filed Apr. 14, 2009) (ECF No. 1 at 5; ECF No. 5-1 at 1, 14).

Murphy appealed his judgment of conviction to the Court of Special Appeals. In an unreported opinion filed on August 14, 2013, the Court of Special Appeals affirmed Murphy's convictions. (ECF No. 5-1 at 16, *Murphy I*, ECF No. 10-5).[1] Murphy did not seek certiorari review in the Court of Appeals of Maryland. **(**ECF No. 1 at 2**;** ECF No. 5-1 at 16–17).   His conviction became final for direct appeal purposes on September 30, 2013. *See* Md. Rule 8-302 (requiring certiorari petition to be filed no later than 15 days after the Court of Special Appeals issues its mandate).

On December 16, 2013, Murphy filed a petition for post-conviction relief in the Circuit Court for Baltimore City. (ECF No. 5-1 at 17).  A hearing on Murphy's petition was held on April 21, 2015. By Order filed on July 16, 2015, the circuit court granted Murphy the right to file a belated motion for reduction or modification of sentence and a belated application for review of sentence, but otherwise denied post-conviction relief. (ECF No. 5-1 at 20; *Murphy I*, ECF No. 10-6**)**.  Murphy filed an application for leave to appeal the adverse rulings of the post-conviction court, which was denied by the Court of Special Appeals by unreported summary opinion filed on March 8, 2016, and the mandate issued on April 8, 2016.  (ECF No. 5-1 at 22, *Murphy I,* ECF Nos. 10-7, 10-8).

---

[1]     This is not Murphy's first §2254 petition collaterally attacking his 2011 judgment of conviction. *Murphy v. Warden Frank B. Bishop, et al*., Civ. Action No. GJH-16-2576 ("*Murphy I*"). On June 30, 2016, Murphy filed in this Court his first petition for a federal writ of habeas corpus challenging the same 2011 judgment of conviction at issue here. (*Murphy I*, ECF No. 1 at 11).  Respondents were directed to and filed an Answer.

On January 3, 2017, Murphy filed a Motion to Voluntarily Dismiss the Petition. (*Murphy I*, ECF No. 14). The Court directed Murphy to confirm his intentions to dismiss the Petition and cautioned that if he intended to dismiss the Petition and intended to refile he must be mindful of the one year limitations period that applies to § 2254 proceedings. ECF No. 16.  July 12, 2017, Murphy filed a second Motion to Dismiss the Petition. (*Murphy I*, ECF No. 23). On February 12, 2018, the Court granted Murphy's motion to dismiss the action without prejudice to refiling, and the case was closed. (*Murphy I*, ECF No.  24 at 2).

On August 5, 2019, Murphy filed a motion in *Murphy I* seeking relief from the voluntary-dismissal order under Federal Rule of Civil Procedure 60. (*Murphy I*, ECF No. 25). Respondents opposed that motion (*Murphy I*, ECF No. 27), and the Court denied the motion on October 24, 2019. (Murphy I, ECF 29).  The Court instructed Murphy that he may pursue federal habeas relief by "filing a new petition which raises all appropriate grounds for equitable tolling of the limitations period." (*Murphy I,* ECF No. 29 at 3).

On May 31, 2017, Murphy filed a Motion to Reopen Post Conviction Proceedings, which was denied on April 1, 2019.  (ECF No. 5-1 at 23). He did not seek leave to appeal.  (ECF No. 5-1 at 23-24).

Murphy's federal habeas petition is signed and dated November 5, 2019 (ECF No. 1 at 6-7), and is deemed filed as of that date. Rules Governing Section 2254 Proceedings in the United States District Courts Rule 3(d) (mandating prison-mail box rule); *Houston v. Lack*, 487 U.S. 266 (1988) (adopting mail box rule).

**DISCUSSSION**

**A.  Motion for Appointment of Counsel to Conduct Discovery**

There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987).  A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. ' 3006A(2)(B).

Rule 6(a) of the Rules Governing ' 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Discovery is not available as a matter of right in habeas corpus cases.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  A federal habeas petitioner establishes the requisite good cause to conduct discovery "where specific allegations before the court show reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (internal quotation marks and citation omitted).

Murphy requests appointment of counsel for the "limited purpose of conducting a factual investigation." (ECF No. 7). He does not specify what discovery is needed or explain why

discovery is needed. This summary and conclusory request is insufficient to appoint counsel to

conduct discovery.  The Motion for Appointment of Counsel (ECF No. 7) will be denied.

### B. Petition

A one-year statute of limitations applies to habeas petitions filed pursuant to 28 U.S.C.

§2254. 28 U.S.C. § 2244(d)(1).[2]  Relevant here, the one-year period runs from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A).

This limitations period is subject to statutory tolling during the pendency of "a properly

filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim," 28 U.S.C. § 2244(d)(2), and may otherwise be equitably tolled. *Holland v.*

*Florida*, 560 U.S. 631, 649-50 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

To be entitled to equitable tolling, a habeas petitioner must show: (1) "that he has been pursuing

his rights diligently"; and (2) "that some extraordinary circumstance stood in his way and

prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted) (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner asserting equitable tolling must

---

[2] Under the provisions of 28 U.S.C. § 2244(d)(1), the one-year limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

show that the extraordinary circumstances were "beyond his control or external to his own conduct." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*); *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (*en banc*); *Harris*, 209 F.3d at 330.   The Fourth Circuit has instructed that equitable tolling of the one-year statute of limitations "must be guarded and infrequent." *Harris*, 209 F.3d at 330.   Equitable tolling is reserved for "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Under the circumstances presented here, Murphy's judgment of conviction became final and the one-year limitations period started to run on September 30, 2013, after the time to file for certiorari review in the Court of Appeals of the judgment affirming his conviction on direct appeal expired.   After the date on which the judgment of conviction became final (September 30, 2013), 77 days elapsed until Murphy filed his post-conviction petition on December 16, 2013 and which statutorily tolled the running of the limitations period. (ECF No. 5-1 at 17). The limitations period was tolled until April 8, 2016, when the Court of Special Appeals issued its mandate denying leave to appeal. (ECF No. 5-1 at 22).   Another 418 days elapsed until Murphy filed the Motion to Reopen on May 31, 2017. (ECF No 5-1 at 22–23). That motion was denied by order entered April 1, 2019. Another 188 days elapsed until Murphy filed this Petition (ECF No. 5-1 2; ECF No. 1 at 6-7). Even accounting for periods during which there was a properly filed state post-conviction proceeding which tolled the limitations period, 683 days passed between the date Murphy's judgment of conviction became final and the date the Petition was filed. Thus, the Petition is time-barred unless equitable tolling applies.

When this Court denied Murphy's Rule 60(b) motion for relief from the voluntary-dismissal order that brought *Murphy I* to its conclusion without prejudice to refiling, the Court

instructed Murphy that he may pursue federal habeas relief by "filing a new petition which raises all appropriate grounds for equitable tolling of the limitations period." (*Murphy I*, ECF No. 29 at 3). Murphy refers to this warning in the Petition, seemingly asserting that the one-year limitations period should not apply to him.  (ECF No. 1 at 5). Murphy, however, asserts no argument to support equitable tolling. He alleges no improper conduct by Respondents, nor any extraordinary circumstance that prevented the timely filing of this Petition. *Id.*

Murphy also claims that he is entitled to equitable tolling based on the actual innocence standard set forth in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). (ECF No. 1 at 19-20).  The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup,* 513 U.S. at 298; *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *United States v. Jones*, 758 F.3d 579, 581 (4th. Cir. 2014). Actual innocence is an "equitable exception to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin*, 569 U.S. at 391 (2013) (emphasis in original).  "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief."  *Id.* at 392. Thus, Murphy's claims may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 395, quoting *Schlup,* 513 U.S. at 329.  "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."  *Id.* at 392.

Examples of the type of new evidence that have been found to satisfy the actual innocence gateway standard include: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," *House*, 547 U.S. at 540-41 (2006); (2) "sworn statements

of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9-10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense and separately boasted to other individuals that he set-up the petitioner); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense and five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, *see Garcia v. Portuondo,* 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004). *See generally Schlup*, 513 U.S. at 324 (providing the Supreme Court's statement that examples of sufficient new reliable evidence for a gateway claim including "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

Whether a petitioner has satisfied the miscarriage of justice exception requires the reviewing court to consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell,* 547 U.S. 518, 538 (2006) (internal quotation marks omitted).  The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir. 1998). "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 315–17.

The Supreme Court "caution[ed], however, that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (brackets omitted) (quoting *Schlup,* 513 U.S. at 329; *House*, 547 U.S. at 538; *Wilson*, 155 F.3d at 404 ("Claims of actual innocence . . . should not be granted casually.") (internal citations omitted).  To sustain a credible claim of actual innocence a petitioner must marshal "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial."  S*chlup*, 513 U.S at 324.  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  *Schlup*, 513 U.S. at 324.  The gateway actual innocence "standard is demanding and permits review only in the extraordinary case."  *House*, 547 U.S. at 538 (citation omitted); *see*, *e.g., Perkins*, 569 U.S. at 401 ("We stress once again that the [actual innocence] standard is demanding."); *Wilson*, 155 F.3d at 404 ("Claims of actual innocence . . . presented . . . as gateways to excuse a procedural default . . . should not be granted casually.").

This case does not present one of those "rare" instances in which a petitioner can claim to be actually innocent based on new, credible, and compelling evidence. *McQuiggin,* 569 U.S. at 386. Although Murphy invokes the actual-innocence gateway, he identifies no new evidence. Rather, he seems to confuse the actual innocence gateway with the merits of his time-barred claims of ineffective assistance of counsel. (ECF 1-1 at 19–20).  He sets forth no new evidence, and provides no grounds for equitable tolling on this basis.  Having found no basis to apply equitable tolling, the Court finds the Petition is time-barred.

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, as is the case here, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id.* at 478.

The Court finds that Murphy has not made the requisite showing and declines to issue a certificate of appealability. He may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

**CONCLUSION**

For these reasons, the Court will deny the Motion for Appointment of Counsel and dismiss the Petition as time-barred under 28 U.S.C. § 2244(d)(1).  A certificate of appealability shall not issue.  A separate Order follows this Memorandum Opinion.

May 4, 2020                                                  _____/s/_____
Date                                                        GEORGE J. HAZEL
                                                            United States District Judge